**Josephine DiGIOVANNI, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. 81 CV 1546(ERN).

United States District Court, E.D. New York.

Sept. 9, 1983.

David R. Walton, Brooklyn, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Ruth V. Simon, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

MEMORANDUM OF DECISION
AND ORDER

NEAHER, District Judge.

Plaintiff brought this action to review the defendant Secretary's final determination denying her application for widow's insurance benefits as provided for in 42 U.S.C. §§ 402(e) and 416(c). That determination was based upon a decision made by an administrative law judge (ALJ) following an evidentiary hearing, which was later sustained by the Appeals Council after reviewing a memorandum of law filed on plaintiff's behalf by an attorney.

The facts developed before the ALJ are not in dispute. Plaintiff married Joe (Jasper or Gaspar) DiGiovanni in Alexandria, Louisiana, on October 22, 1943, where he was stationed on military service. Both had resided in New York City and each had prior marriages but denied it in their application for a marriage license. Plaintiff had been married to Santo Riggi in Staten Island, New York, on September 23, 1934, but was later granted a divorce in that jurisdiction which became final on October 22, 1943, the day she married DiGiovanni in Louisiana. DiGiovanni, however, was merely separated at that time from his wife, nee Vincenza (Nancy) Ambrosino, whom he had married on June 16, 1934, and who bore him two daughters prior to 1940. Tr. 135.[1] Records of the Supreme Court,

1. References are to pages of the administrative record.

Kings County, New York, confirm that Vincenza Ambrosino was granted a legal separation from DiGiovanni on May 4, 1942, and was awarded custody of the children and alimony. Tr. 151. No record was found of any divorce. Moreover, in applying for Social Security disability benefits on June 23, 1965, DiGiovanni stated that he had been married to "Nancy Ambrosino" in 1934 and that they had separated "about 1938" but there was "no divorce." Tr. 148–49.

Although Nancy DiGiovanni is not a formal party to this proceeding, it was her action in applying for wife's insurance benefits on May 12, 1977, that ultimately precipitated the controversy. As a result of that application she has been receiving wife's and subsequently widow's benefits by reason of Joe DiGiovanni's death on October 7, 1979. Tr. 32. Two and a half years later, on November 19, 1979, Josephine DiGiovanni, plaintiff here, also filed an application for widow's insurance benefits because of his death. Tr. 86. She was denied benefits, however, on the ground that whether she was a widow or a "deemed" widow as defined by Sections 216(h)(1)(A) or (1)(B) of the Social Security Act, 42 U.S.C. § 416(h)(1)(A) or (B), she could not qualify for benefits because of Nancy DiGiovanni's status as a widow who had prior lawful entitlement to such benefits.

The Court has carefully reviewed the evidence contained in the administrative record and concludes that it fully supports the Secretary's decision denying benefits to the decedent's second wife, Josephine DiGiovanni. The preponderance of the evidence establishes that DiGiovanni married Josephine at a time when he was still married to Nancy, and that although Nancy obtained a separation and a family support order from the New York courts, that marriage was never dissolved. She was therefore at all times DiGiovanni's lawful widow and entitled to the Social Security widow's benefits she has been granted.

Counsel for Josephine DiGiovanni, while recognizing that there is "only one possible 'legal' spouse of a deceased, insured individual," Memorandum of Law at 10, n. 1, none-

theless suggests that the widow's benefit could be shared by both spouses, citing *Rosenberg v. Richardson*, 538 F.2d 487 (2d Cir.1976). A careful reading of *Rosenberg*, however, reveals a situation quite different from that presented here, and an understandable effort by the Court to do justice. Nancy, the lawful wife here, depended upon the support of her husband, albeit originally extracted from his Army pay under the compulsion of court orders. *See, e.g.,* Exhs. 25, 26 and 27. The record discloses, on the other hand, that Josephine, the plaintiff second widow, applied for wife's insurance benefits in 1965 indicating that she had been previously employed, Exh. 11, Tr. 107, and has been awarded benefits and may be entitled to retirement benefits. Exh. 2, Tr. 92. Thus the equity in favor of the second wife in *Rosenberg* is entirely in Nancy's favor in this case.

Accordingly, the Secretary's determination is in all respects affirmed.

SO ORDERED.

